MACK MOTOR TRUCK CO. *vs.* THOMAS DORSEY, Deputy Sheriff.

MARCH 7, 1923.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)   Replevin.   District Courts.   Jurisdiction.*

District courts have exclusive original jurisdiction of writs of replevin where the value of the goods or chattels to be replevied does not exceed $500 regardless of the amount of the *ad damnum* stated in the writ.

*(2)   Replevin.   District Court.   Damages.*

Under Gen. Laws, cap. 336, § 7, a district court has jurisdiction in an action of replevin to award a plaintiff who has made good his plea, his reasonable damages in full even though the damages exceed five hundred dollars.

REPLEVIN.   Heard on exception of defendant and sustained.

RATHBUN, J.   This is an action of replevin.   The writ, which was made returnable to the Superior Court, recites that the value of the goods to be replevied is $500 and alleges an *ad damnum* of $1,000.   The defendant filed a plea in abatement containing allegations substantially as follows:   First, That the value of the goods replevied is, as stated in said writ, $500; that district courts have exclusive jurisdiction of writs of replevin except when the goods replevied are of a value of more than $500; that said writ

should have been issued out of and made returnable to the district court established in the district in which the goods were taken, attached or detained. Second, That the Superior Court has no jurisdiction of said suit because the value of the property replevied according to the allegations in said writ is not more than $500. A justice of the Superior Court overruled said plea and noted the defendant's exception. A jury trial having been waived the cause was heard on its merits by said justice who gave decision for the plaintiff for possession and damages assessed at ten cents.

The case is before us on the defendant's bill of exceptions. The only question presented by the bill of exceptions is whether said justice erred in overruling said plea in abatement.

The defendant contends that the Superior Court has no jurisdiction to issue a writ of replevin unless the value, as alleged in the writ, of the goods or chattels to be replevied is *more* than $500, and that since the writ in this cause alleges that the value of the goods to be replevied is $500. said writ should have issued from the district court in the district where the goods or chattels were taken attached or detained.

He cites the provisions of Chap. 336 of the General Laws of 1909, as follows:

"Section 1. Whenever any goods or chattels of more than five hundred dollars value shall be unlawfully taken or unlawfully detained from the owner or from the person entitled to the possession thereof, . . . such owner or other person may cause the same to be replevied by writ of replevin issuing from the superior court."

"Sec. 12. District courts may issue writs of replevin where the goods and chattels to be replevied are of the value of five hundred dollars or less, if they were taken, attached or detained in the district in which such district court is established." . . . .

The plaintiff contends that exclusive jurisdiction to issue the writ in question is conferred on the Superior Court by

the following provisions of Section 7, Chapter 273, Gen. Laws, 1909. "Sec. 7. The superior court shall have original jurisdiction of all actions at law where title to real estate or some right or interest therein is in issue, except actions for possession of tenements let or held at will or by sufferance; and shall also have exclusive original jurisdiction of all other actions at law in which the debt or damages laid in the writ shall exceed the sum of five hundred dollars," etc.

Said Section 12 provides that "District courts may issue writs of replevin where the goods and chattels to be replevied are of the value of five hundred dollars or less," etc. The language is sufficiently comprehensive to include *all* actions of replevin, regardless of the amount of the *ad damnum*, where the value of the "goods and chattels to be replevied" does not exceed five hundred dollars. There is no reason for supposing that the legislature intended to confer concurrent jurisdiction on a district court and the Superior Court in any action of replevin. District courts have exclusive original jurisdiction of writs of replevin where the value of the goods or chattels to be replevied does not exceed five hundred dollars.

It was stated in argument that district courts are without jurisdiction to enter judgments in excess of five hundred dollars and that a plaintiff in an action of replevin can not recover his full damages where the actual damages exceed five hundred dollars and the value of the goods and chattels is not in excess of five hundred dollars unless he is permitted to commence his action in the Superior Court. Experience has shown that it rarely happens that the damages exceed five hundred dollars where the value of the goods and chattels replevied is not in excess of five hundred dollars. However, we have no general or special statute thus limiting the jurisdiction of district courts in actions of replevin. Section 7 of said Chapter 336 provides that "If, upon trial of the writ of replevin, the plaintiff shall make good his plea, he shall recover of the defendant his reasonable damages

for the taking and detention of the goods and chattels," etc.
(2) A district court has jurisdiction in an action of replevin to award a plaintiff who has made good his plea his reasonable damages in full even though the damages exceed five hundred dollars.

As the Superior Court was without jurisdiction to issue the writ it follows that the plea in abatement should have been sustained.

The defendant's exception is sustained.

The plaintiff may, if it shall see fit, appear before this court on the twelfth day of March, 1923, and show cause, if any it has, why the case should not be remitted to the Superior Court with direction to abate the writ.

*George F. Troy, Joseph Smith,* for plaintiff.
*Charles S. Slocum,* for defendant.